**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AREVIK GHAZARYAN, | No. 07-72598 |
| Petitioner, | Agency No. A095-875-483 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Arevik Ghazaryan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence an adverse credibility finding, *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).   We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because of the multiple inconsistencies within Ghazaryan's testimony and between her testimony and declaration concerning the years of her alleged encounters with the police, *see Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) and based on Ghazaryan's voluntary return to Armenia in 2000, *see Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008).  The IJ properly rejected Ghazaryan's explanations for the inconsistencies.  *See Rivera*, 508 F.3d at 1275 (9th Cir. 2007). In the absence of credible testimony, Ghazaryan's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Ghazaryan's CAT claim is based on the testimony the IJ found not credible, and she points to no other evidence to show it is more likely than not she would be tortured if returned to Armenia, her CAT claim fails.  *See id*. at 1156-57.

Ghazaryan contends her due process rights were violated when the government did not make the author of an investigative report available for cross-examination.  The proceedings were not "so fundamentally unfair that [she] was

prevented from reasonably presenting [her] case" because the IJ continued the hearing so Ghazaryan could respond to the report and Ghazaryan did not seek to cross-examine the report's author. *See Colmenar v. INS*, 210 F.3d at 971 (internal quotation and citation omitted).

**PETITION FOR REVIEW DENIED.**